FILED
United States Court of Appeals
Tenth Circuit

November 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ARNULFO REYES-TORRES,

      Defendant - Appellant.

No. 10-2116

(D. New Mexico)

(D.C. No. 2:09-CR-03452-WJ-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

This appeal concerns the second conviction of Arnulfo Reyes-Torres in the United States District Court for the District of New Mexico. His first conviction was for transporting illegal aliens. On September 9, 2002, he was sentenced in that case to eight months' imprisonment. He was removed from the United States in July 2003. On May 10, 2009, he was arrested in Las Cruces, New Mexico, for shooting from a motor vehicle, a fourth-degree felony. He was convicted of the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offense in state court and sentenced to three years' incarceration, with all but 115 days suspended. He was then indicted in federal court on one count of unlawful entry by a deported alien. *See* 8 U.S.C. § 1326(a) and (b). He pleaded guilty and the district court sentenced him to 41 months' imprisonment, followed by three years of supervised release.

On appeal from that conviction Mr. Reyes-Torres's counsel has filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). The clerk of this court sent Mr. Reyes-Torres notice of his right to respond to the *Anders* brief, *see id.* at 744 (defendant must be given a copy of the *Anders* brief and provided time to respond), and he responded in a pleading titled "Motion Under 28 U.S.C. § to Vacate Set Aside." Agreeing that there are no meritorious issues on appeal, we grant the motion to withdraw and dismiss the appeal.

## I.     DISCUSSION

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Id.* Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record,

the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

After conducting an independent examination of the record, we agree with counsel's conclusion that no conceivably meritorious basis for appeal exists. In particular, we have considered the voluntariness of Mr. Reyes-Torres's plea, the calculation of his advisory guidelines sentencing range, and the reasonableness of his sentence.

A valid guilty plea must be knowing, intelligent, and voluntary. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The plea agreement signed by Mr. Reyes-Torres states that his plea was "freely and voluntarily made," R., Vol. 1 at 16, and the magistrate judge fulfilled the requirements of Rule 11 in accepting the plea. The judge verified a factual basis for the plea; questioned Mr. Reyes-Torres to confirm that he understood the charges against him; informed him of the maximum possible penalty provided by law and of the consequences of the plea; and otherwise ensured that the plea was freely, voluntarily, and intelligently made.

Mr. Reyes-Torres's guideline range was calculated correctly. Under the advisory United States Sentencing Guidelines, Mr. Reyes-Torres's conviction carried a base offense level of 8, *see* USSG § 2L1.2(a), and his prior deportation following a felony conviction for transporting illegal aliens—an offense punishable by 10 years' imprisonment—required a 16-level enhancement. *See id.*

at § 2L1.2(b)(1)(A)(vii). Under USSG § 5K3.1 the government agreed to a four-level reduction because Mr. Reyes-Torres demonstrated an acceptance of responsibility for the offense of conviction and waived his appellate rights. Mr. Reyes-Torres's offense level was therefore properly calculated at 20. His sentences of imprisonment for his prior state and federal convictions gave him a criminal-history score of 4, *see* USSG § 4A1.1(b)*,* which corresponded to a criminal-history category of III, and resulted in a sentencing guideline range of 41 to 51 months. *See id.* at ch. 5, pt. A.

In addition, there is no nonfrivolous ground for challenging the reasonableness of Mr. Reyes-Torres's sentence. The district court sentenced him at the low end of the applicable guidelines range. A properly calculated sentence within the guidelines range is accorded a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Moreover, the court explained its sentence in terms of the factors under 18 U.S.C. § 3553(a). Mr. Reyes-Torres argues in this court that his criminal-history category is over-represented and that a downward departure or variance is appropriate. He refers to his counsel's sentencing memorandum submitted to the district court, which argued that his prior federal conviction resulted from his merely taking his turn driving and his state conviction resulted from mere reckless behavior caused by intoxication. We are not persuaded that he has rebutted the presumption of reasonableness.

**II.    CONCLUSION**

We conclude, as did defense counsel, that there are no meritorious issues for appeal.  We GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge